Mr. Justice Duer assigned the following reasons, in support of the judgment, which he ordered:—
By the Court. Duer, J.
Upon an attentive consideration of the pleadings, in this case, and of the law applicable thereto, I am satisfied, contrary to my impressions upon the hearing, that the demurrer to the reply must be allowed. The following are, briefly, the grounds of my decision:
1. That the jurisdiction of the defendant, as mayor of the city is sufficiently alleged in the answer, and that these allegations are not denied in the reply. I must, therefore, consider the original jurisdiction as admitted.
2. That the making up and filing of a record were not necessary to render lawful the subsequent commitment of the plaintiff. The averment of these facts, in the answer, was, therefore, unnecessary, and, consequently, the denial, in the reply, forms an immaterial issue.
3. That, as the defendant had jurisdiction of the offence, of which he convicted the plaintiff', the conviction must be regarded as conclusive, upon all the questions, both of fact and of law, which the judgment of the magistrate, of necessity, involved.
4. Hence, all the issues of fact, which are raised in the reply, must be regarded as immaterial, since they all relate to questions which were necessarily determined, by the defendant, in pronouncing a judgment of conviction.
5. That, however erroneous such determination may have been, it is a complete bar to any action for a false imprisonment, unless the acts of the legislature, and the ordinance of the corporation, *456 under which the defendant acted, must be pronounced unconstitutional and void.
6. That the misdemeanor, of which the plaintiff was convicted, belongs to a class of offences, in relation to which, a summary jurisdiction,'without the intervention of a jury, was known, and universal, in this state, before the adoption of the constitution oí 1779.
7. That, consequently, the acts of the legislature in question, and the ordinance passed by the corporation in pursuance thereof, do not violate any of the provisions of the constitution of 1821, but are fully sanctioned by the construction that has been given to the provisions that are alleged to have been violated, and to similar provisions in the constitution of 1779, not only in repeated acts of the legislature, but by an unbroken series of decisions in the courts of justice.
The defendant is entitled to judgment, with costs; but twenty days are allowed to the plaintiff, to amend his reply, upon payment of the costs of the demurrer and hearing.
Bosworth, J.
The answer contains, first, a denial that the defendant “ caused the plaintiff to be arrested,” as stated in the complaint. This puts at issue allegations of the complaint, which are, of themselves, sufficient to constitute a distinct cause of action.
Second. The residue of the answer, contains matter which is pleaded as a defence to, or justification of the charge, that the defendant “ caused the plaintiff, by a pretended commitment, to be forcibly conveyed to the city prison,” and to be detained there.
The reply must, of necessity, be regarded as applying only to so much of the answer, as sets up a justification of the second cause of action, stated in the complaint.
The substance of the justification is, that the defendant was mayor of the city of New York, and that, as such mayor, upon a complaint made against the plaintiff, of having violated an ordinance of the mayor, aldermen and commonalty of the city of New York, passed May SO, 1848, he investigated the matter, upon the plaintiff being arrested and brought before him, on said complaint, and convicted him of the alleged offence, and adjudged that the plaintiff be fined, in the sum of $10, or that, in default of the payment of such fine, he be imprisoned ten days in the city prison, and that such judgment was duly given.
*457 The Code provides, that, “in pleading a judgment, or other determination of a court, or officer of special jurisdiction, it shall not be necessary to state the facts conferring jurisdiction, but such judgment, or determination, may be stated to have been duly made or given. If such allegation be controverted, the party pleading shall be bound to establish, on the trial, the facts conferring jurisdiction.” (Code, § 161.)
The natural order, of considering the points to be decided, involves the inquiries:
First. Does the answer conform, substantially, to § 161 of the Code?
Second. Does the reply, if the answer is sufficient, set up matter which avoids it, or deny any of the allegations of the answer, which it would be necessary to prove, to establish the defence which the answer sets up ?
This part of the answer, of the defendant, states that the proceedings before him, and the acts done by him, by force and in pursuance of which the defendant was committed to prison, and detained in custody, were had before him, and done by him, as mayor of the city of New York, and “that the said complaint, and offence, came and were, legally, within his jurisdiction, as such mayor as aforesaid.”
This is preceded by averments, that the plaintiff was brought before him, charged with having committed “the offence of driving a wagon, for the transportation of goods, wares and merchandise, for hire, without being duly licensed by the mayor of the city of New York, contrary to the ordinances of the mayor, aldermen and commonalty of the city of New York, passed May 30th, 1848;” an examination into, and determination upon, the charge; the making of a record of the proceedings and judgment; the issuing of process, pursuant to, and to carry the decision into effect; that he acted under, and by virtue of, authority, with which he, as such mayor, was invested by statutes of the state, which are pleaded by their title, and the date of their passage, and in accordance with ordinances, which are also pleaded, by stating the date of their passage: that, in all these proceedings, “he acted in good faith, and in the faithful discharge of his duty, as such mayor, and under and by virtue of the authority with which he, by law, as such mayor, was invested, and according to the statute in such case *458 made and provided, and, more particularly, under and by virtue of ” certain acts and ordinances to which the answer refers.
I think these allegations substantially satisfy section 161 of the Code.
Unless the reply puts in issue facts necessary to be proved to sustain some allegation of the answer, essential to a complete defence, or sets up some fact which, being admitted or proved, would establish that the determination of the defendant, as mayor, was void, or the proceedings before him were a nullity, the demurrer was properly sustained.
A reply could be demurred to, for insufficiency, at the time the pleadings in this action was conducted. The demurrer was put on the 17th of March, 1851. The first sentence of the reply states an immaterial fact. Whether the defendant made up and signed a record of the conviction, is not matter which affects the question of his jurisdiction to entertain the complaint, or try the defendant for the alleged offence.
The act of 1846, chap. 802, and sections 20 and 21 of the act of 1833, chap, ii., page 14, do not require any record of the conviction to be signed and filed.
If it be assumed essential to a justification under it, that every judicial determination should be in writing, the answer shows that at the time the decision was made, the defendant reduced to and made in writing, “ an order, warrant, or commitment, under his hand and seal,” which state's the fact, that the plaintiff had been, that day, convicted before him of the alleged offence, the proceedings had, which resulted in such conviction, and the judgment rendered, as well as the default of the plaintiff to then pay the fine imposed upon him.
In the absence of any statute requiring a record of the conviction to be made and signed, we regard this “order, warrant, or commitment” as a sufficient written record or memorial of the trial or judgment. (Van Wormer v. Mayor, &c., of Albany, 15Wend. 262-265; and see Meeker v. Van Rensselaer, id. 397-399.)
The point has not been made nor suggested, that, assuming or conceding the defendant to have had jurisdiction of the offence charged against the plaintiff, and to have rendered the judgment in question, he had no authority to issue a warrant to effect its execution.
*459 If such a point had been raised, it would, perhaps, have been a sufficient answer to it that, having jurisdiction of the offence, and to render judgment, he had power to issue process to execute the judgment. (4 Bl. Com. 290; 1 Chitty’s Grim. Law, 55.) The statutes should not be so construed as to.render them wholly nugatory.
The plaintiff’s denial that he committed the alleged offence, or that the defendant had good and sufficient cause to convict the plaintiff, puts in issue no allegation which affirms jurisdiction of the defendant to entertain the complaint, or give the judgment. This, at most, affirms that the judgment was erroneous. But if erroneous, so long as it is conceded that it was rendered by an officer of competent jurisdiction, and under a form of proceeding authorized by law, it will protect the officer who gave it, for his acts, in investigating the alleged offence, and in issuing proper process to carry the judgment into execution. (Brittain v. Kinnard, et al., 1 Brod. & Bing. 482.)
A denial that he was not “ detained in the city hall, only during a period of time necessary and proper to conduct the examination and determination of the complaint in said answer mentioned,” puts in issue no fact essential to a full justification of the second cause of action. Ho detention of the plaintiff, in the city hall, by the defendant, is alleged, except as part and parcel of a transaction of which the plaintiff complains, by averring that the defendant “ caused the plaintiff to be arrested and detained in and about the city hall of said city for some time.” The fact of causing such an arrest is denied, by the part of the answer not now under consideration.
This action does not profess to be one to recover damages for an abuse, by the defendant, of his powers as mayor, and exercising them tyrannically and oppressively by the manner in which he conducted proceedings, of which he had jurisdiction.
The only other matter, contained in the reply, affirms that the act of the defendant, and which was alleged to be a violation of the ordinance of May 80,1848, was “ driving a wagon, containing goods, in the lawful and necessary prosecution of the business of an express, established and running between the city of Hew York and the village of Croton Falls, in said state, and for no other or different purpose whatever,” and that “the defendant, at the time *460 of the plaintiff’s arrest, detention, and conveyance to prison, well knew this.”
' There is no averment that this wagon, in transacting the business in which it was employed, was ever driven, or run, out of the limits of the city of New York. For aught that is averred, or can be justly inferred, from the averments made, the wagon may have been used, exclusively, within the city of New York, in carrying goods to and from the Harlem railroad-dépót, which were to be taken out of, or had been brought within the city, by an éxpress company, or by a person engaged in that business, who conveyed all articles from the dépót out of the city, or brought all articles to it from the country, upon that railroad, and in the cars of the railroad company.
Enough is not stated to show that it was not a question, proper to be determined by the mayor, whether driving an express-wagon, in transporting goods, within the city, for hire, was a violation of that ordinance.
The reply does not allege that an express-wagon is, by the terms of the ordinance, excepted from its operation, nor does it set forth the ordinance itself. The defendant, if the allegations in his answer, showing jurisdiction to entertain the complaint, and give the judgment he rendered, had been controverted by the reply, might have shown the existence of an ordinance, of the date of the one said to be violated, which, by its terms, or fair meaning, prohibited the driving of an express-wagon, as well as any other wagon, which was employed in carrying goods, for hire, exclusively, within the limits of the city; or he might have shown one, the terms of which would have rendered it a proper subject of inquiry, and determination, whether the driving of such an express-wagon came, fairly, within its prohibitions.
In either case, his judgment, while in force, and unreversed, rendered in proceedings conducted according to law, would protect him against an action for hearing the complaint, and issuing process to execute his judgment, the reply not denying that “he acted in good faith, and in the faithful discharge of his duty, as such mayor.” (Brittain v. Kinnard, et al., 1 Brod. & Bing. 432.)
It necessarily follows, that, whether the act which the defendant had done violated the ordinance or not, or, in other words, whether the defendant had done any act prohibited by it, was the question *461 to "be tried. The mayor, acting “ in good faith, and in the faithful discharge of his duty, as such mayor, and under and by virtue of the authority with which he, by law, as such, was invested,’’decided that the defendant had done an act which that ordinance prohibited, and he gave such a judgment as he was authorized to render against a person convicted of the offence of violating it.
The reply, as we think, is clearly insufficient, and the plaintiff was entitled to judgment, on the demurrer, assuming the answer to be good, in form and substance, under the Code.
We consider it good, in form and substance, unless it is apparent that the laws, under which the proceedings against the plaintiff were had, are unconstitutional and void.
Section 10, of article 3, of chapter 302, of the laws of 1846, (p. 408,) and sections 20 and 21, of the act of 1833, chapter ii., (p. 14,) taken together, in effect, provide, that the mayor, aldermen and commonalty of the city of Hew York, in common council convened, may pass such ordinances as they may deem necessary, for the licensing, and otherwise regulating the use and employment, in said city, of “ carts and cartmen, cabs and cabmen, hackney-coaches and hackney-coachmen, stages, and accommodation coaches, or omnibuses, and their drivers, and public porters, and handcart-men,” and that “ all persons offending against such ordinances shall be deemed guilty of a misdemeanor, and be punished, on conviction, before any” of certain magistrates named, of whom the mayor is one, “ by a fine, not exceeding ten dollars, or, in default of the payment of such fine, by imprisonment, provided such imprisonment does not exceed ten days.”
These statutes are pleaded, by their title, and the date of their passage, and expressly authorize the mayor to try all persons offending against any ordinance, made pursuant to the power which they grant, and also authorize such a judgment to be rendered, as was given against the plaintiff, by the defendant, as mayor.
We can not hold this statute unconstitutional, without adjudging that all similar offences cannot be tried summarily, without a jury, and thus deciding, that the construction given to the laws regulating the trial of such offences, throughout our whole judicial history, has been erroneous. We think the order appealed from is not erroneous, and it must be affirmed; but the plaintiff may amend his reply, in twenty days, upon payment of the costs of the demurrer and of this appeal.