By the Court—Bosworth, Ch. J.
The important questions arising on this appeal, are:
' 1. What is the force and effect of a decision by the “ Board of State Auditors of the State of Michigan,” upon a claim within their jurisdiction; that it is just, and that a sum which they specify is justly due from that State to the claimant; and of actual payment, by the proper officer of the State, in pursuance of such decision, of the sum so decidec( to be due?
2. Can the money so paid be recovered back on the mere grounds that, upon the merits, no sum was due, and that the Board made their decision ignorant of certain facts, upon which, if they had been proved, their decision would or should have been that nothing was due from the State; no fraud having been practised by the claimants, by the means which they employed to assert and establish their claim before such Board ?
It was conceded, on the argument of this appeal, not only that the Board of State Auditors had jurisdiction to entertain, examine into and determine this claim, but also, that under the Constitution and statutes of the State of Michigan, this Board had the sole and exclusive jurisdiction to examine into and decide it.
*378 By the act of April 7, 1851, amending sections 44, 46 and 47 of chapter 12 of the Revised Statutes of 1846, this Board was clothed with the “ power,” and it was made its “ duty,” “ to adjust and settle all claims ” (other than those otherwise provided for by law,) “ against this State which may be presented.”
By this statute, the Board is required to act, in allowing £ claim, upon “ competent testimony ;” and to “ keep a record of its proceedings.” Power is given “ to administer oaths to any person or persons presenting claims, or to witnesses; to examine the person or persons under oath; to issue subpoenas to any part of the State against witnesses, and if any witness or witnesses fail to appear in pursuance thereof, and the fees provided herein shall have been paid or tendered, to issue attachments to compel their attendance; to set off any legal or equitable claim against such person or persons in favor of the State, upon proof of the same, and to adjourn from time to time.” * * *
It also declares that the claimant, whose claim shall be allowed by the Board, “shall be entitled to a warrant, drawn by the Auditor-General upon the State Treasurer therefor, forthwith.” Another statute makes it the duty of the Attorney-General to appear before the said Board, in behalf of the State, and represent the State and its interests on such proceeding.
It is quite obvious that this Board was vested with powers, in their nature judicial. It was authorized to hear and determine certain civil controversies between the State and individuals. Power was given to it to compel the attendance of witnesses, to administer oaths to them, to adjourn from time to time, and it was required to act upon competent testimony, and to keep a record of its proceedings. The law provides for carrying its decisions into effect. A determination against the State, that it justly owes to the claimant a specified sum, is to be followed by a “ warrant ” for that sum upon the “ State Treasurer,” (one of the members of such Board,) drawn by another State officer, viz.: the Attorney-General, and to be drawn forthwith.
The creation of this Board is authorized by the Constitution of the State of Michigan. There is, therefore, no question as to the validity of the statute which defines its powers and duties.
Its proceedings and decisions are as truly judicial in their nature as those of any special tribunal constituted by competent *379 authority to hear and decide controversies between the adverse parties thereto, and not proceeding according to the course of the common law, or in the mode usual in Courts of Chancery possessing original and general equity jurisdiction.
In The United States v. Arredondo and others, (6 Peters, 691-729,) Mr. Justice Story declares it to be “ an universal principle, that, where power or jurisdiction is delegated to any public officer or tribunal over a subject matter, and its exercise is confided to his or their discretion, the acts so done are binding and valid as to the subject matter, and individual rights will not be disturbed collaterally for anything done in the exercise of that discretion within the authority and power conferred. The only questions which can arise between an individual claiming a right under the acts done and the public, or any person denying its validity, are power in the officer and fraud in the party. All other questions are settled by the decision made or the act done by the tribunal or officer, whether executive, (1 Cr., 170, 171,)— legislative, (4 Wh., 423; 2 Peters, 412; 4 id., 563,)—-judicial, (11 Mass., 227; 11 S. & R., 429, adopted in 2d Peters, 167, 168,)—or special, (20 J. R., 739, 740; 2 Dow. P. Gas., 521, &c.,) unless an appeal is provided for; or other revision, by some appellate or supervisory tribunal, is prescribed by law.”
In the case before us, no question is made as to the power - of the Board to determine upon the claim in question, and how much, if anything, was due from the State of Michigan to the claimants. Although fraud in the defendants is alleged in the complaint, as a ground for setting aside the decision of the Board, and recovering back the money which the plaintiffs have paid to the defendants in pursuance of such decision, yet it is not found as a fact that any fraud was practised or intended by the defendants.
On the contrary, the learned Judge before whom the action was tried at Special Term, in the opinion accompanying his decision, says: “I am gratified in being able to arrive at my conclusions, without any imputation upon the integrity of the officers of the Phoenix Bank. They acted with fidelity to their principals, and without criminality towards the State. They were acting under an honest but gross delusion as to their rights and the responsibility of the State.” (Opinion, p. 31.)
*380 If the rule stated by Mr. Justice Stoby be a well settled rule of law, and if it be true that the powers and duties of the Board are in their nature judicial, and that no fraud was practised by the defendants in their proceedings before the Board; then it necessarily follows (it being conceded that the Board had full jurisdiction of the subject matter,) that its decision is conclusive, although erroneous, and that the money paid cannot be recovered back in this action, upon the facts established on the trial of it.
The decisions involving the proposition asserted by Mr. Justice Story, are uniform in its support.
In Brittain v. Kinnaird et al., (1 Brod. & Bing., 432,) it was asserted as a general principle, established by all the ancient and recognized by all the modern decisions, “ that a conviction by a magistrate, who has jurisdiction over the subject matter, is, if no defects appear upon the face of it, conclusive evidence of the facts stated in it.”
In that case, the defendants had authority, under an act of Parliament, on seizure and search, to condemn and direct to be burnt or sold any boat on the Thames suspected of carrying articles stolen, or unlawfully procured from any vessel. Under this act, the plaintiff’s decked and registered vessel of 15 tons burden, had been seized by police officers, and condemned by the defendants, who were sued as trespassers.
Chief Justice Dallas said, it is urged “ that, in order to give the magistrate jurisdiction, the subject matter of his conviction must be a boat; and that it is competent to the party to impeach the conviction, by showing that this was not a boat.” * * “ The magistrate, it is urged, could not give himself jurisdiction, by find ing that to be a fact which did not exist.” To these views Ohiet Justice Dallas answered: “ But he is bound to inquire as to the fact, and when he has inquired, his conviction is conclusive of it.” -x- -x- * “Much has been said about the danger of magistrates giving themselves jurisdiction, and extreme cases have been put, as of a magistrate seizing a ship of seventy-four guns, and calling it a boat. Suppose such a thing done, the conviction is still conclusive, and we cannot look out of it.”
Similar in principle to the above, are Henderson v. Brown, (1 Caines., 92,) The People v Collins, (19 Wend., 56,) Willis v. *381 Havemeyer, (5 Duer, 447, 459,) and numerous others, too familiar to make it necessary to cite them.
In The Supervisors of Onondaga v. Briggs, (2 Denio, 26-33,) Bronson, Ch. J., in delivering the opinion of the Court, and speaking of the effect of the act of an officer appointed to tax costs, says : “It is of the same general nature as are the decisions made by a judge or commissioner in proceedings under the insolvent laws; the act to punish fraudulent debtors; between landlord and tenant; and the many other cases that might be enumerated. They are all judicial determinations which are conclusive upon the parties, until they have been reversed, vacated or set aside in the forms prescribed by law. They cannot be attacked in a collateral action, save where the Legislature has so expressly provided. This is a principle of universal application. It extends alike to the decisions of the highest court, and the humblest officer in the State who has been entrusted with the exercise of judicial powers. However desirable it may seem, in a particular case, to disregard the rule, it cannot be broken down without doing a great wrong to the community.” * * *
“A power to hear and determine, necessarily includes and carries with it a power which makes the judgment or determination obligatory, without any reference to the question whether it was wrong.” (Id., p. 34.)
If alleged to be erroneous, that question must be investigated and determined in the mode and by the tribunal prescribed by law. If no mode of reviewing the determination is prescribed by law, it is absolutely conclusive upon the parties to the proceeding. It can only be set aside on the ground of fraud of the party, in the proceeding in which such determination was made.
The Board of State Auditors of the State of Michigan, in exercising the powers vested in them, and in performing the duties cast upon them, act under the authority of law: their acts are public, and affect the rights of individuals as well as those of the State Government.' The law under which they thus act is a statute of that State, and that Board is a tribunal created by and under its Constitution and laws. The decision of such tribunal, in pursuance of the law by which it is created and which prescribes its powers and duties, upon any matters within its j urisdiction, is as conclusive upon the State as upon the individuals *382 who are parties to the controversy which it has decided. The State cannot, in such a case, claim any exemption from the operation of the rule which is applicable to natural persons. (United States v. Jones, 8 Peters, 375-385.)
The State of Michigan, by the statutes which define the powers and duties of her Board of State Auditors; and by her Constitution which provides for the creation of such a tribunal to hear and determine all controversies of a specified character between the State and individuals; and by the proceedings which those statutes prescribe for the determination of such controversies; and by the necessary import of the provisions of such Constitution and statutes, consent and agree to be bound by the decision, and undertake, with every person who may be a party to any such controversy between him and the State, to pay, forthwith, any claim which, upon investigation by such tribunal, it shall determine to be just, and the amount it shall decide to be due. (United States v. Jones, supra, and Murray's Lessee et al. v. Hoboken Land and Improvement Co., 18 How. U. S. R., 281-286.)
“ Though, generally, both public and private wrongs are redressed through judicial action, there are more summary extrajudicial remedies for both.” * * “ It is competent for the United States” (or a State Government) “ to sue any of its debtors in a court of law. It is equally clear that the. United States” (or a State Government) “ may consent to be sued, and may yield this consent upon such terms as it may think just.” (18 How. U. S. R., 283.) x
When the' State of Michigan, under her Constitution and statutes, created the tribunal called the Board of State Auditors of the State of Michigan, to investigate claims against the'State, and declared, by one of these statutes, that any sum, found by such Board to be due to a claimant, should be paid forthwith, she pledged herself to be bound by the decision, and, in so doing,' was as competent to submit to an investigation of claims against her, upon such terms, as individuals are- to submit a real matter in controversy to a court, without action, in á manner prescribed "by law.
When a claim against the' State has been submitted in good faith to a-tribunal thus created, and in the manner prescribed by the laws creating it, and confessedly’ within its jurisdiction, and that tribunal has decided it, and the State has, in pursuance of *383 such decision, paid the sum decided to he due, the money cannot be recovered back, merely because the Court in which a suit may be brought for that purpose is of the opinion that such tribunal was clearly wrong in the conclusion to which it came, or thatfacts existed which, if proved, would have led to an adverse decision.
The complaint, in speaking of the proceedings on the part of the defendants before said Board, alleges “that said defendants intending, as aforesaid, to cheat and defraud the State of Michigan,” made-various representations, which it enumerates and which it avers were false and known to the defendants to be so, and concludes with a prayer “ that said allowance of said claim by said Board • of. State Auditors, and the entry thereof by said Board, be declared to be fraudulent and void as against said plaintiffs, and that the same may be annulled and sét aside.”
Being of the opinion that the decision of the Board of State Auditors is conclusive, until it is found to have been procured by the fraud or by the fraudulent practices of the defendants, I deem" it out of place to enter upon the inquiry whether the defendants, upon the evidence contained in this case in relation thereto, "ever. had any just claim' upon the'" State, or, if it had, whether it forfeited or extinguished such claim by its subsequent transactions with the banks named in the complaint and proceedings in this action.
To whatever conclusion the Judge, at Special Term, might have properly come upon the evidence before him, it is enough to make it necessary to grant a new trial, that he has not found the defendants guilty of any fraud in fact or intent.
Although neither the Attorney-General nor any other person appeared as attorney for the State before said Board, on the auditing of said claim, that fact does not affect the question of the jurisdiction of said Board, nor impair the force of its decision.
It is not found by the Judge that the Board did not notify the Attorney-General. Mo such fact being found, the legal presumption is, that the Board did its duty,' and gave to him the notice required by law.
- For these reasons, I think the judgment should be reversed, and a new- trial granted, the costs of "the former" trial and of this appeal to be costs in the cause, and abide the event.
Ordered accordingly.