Fraschieris *v.* Henriques.

---

FRASCHIERIS *vs.* HENRIQUES and WILLET.

A vendor who has sold goods and drawn bills upon the purchaser, for the price, can rescind the sale, and sue for the value of the goods, if he has good cause for doing so, notwithstanding the bills, at the time of the commencement of the action, are out of his possession, so that he cannot then surrender them. If he produces the paper at the trial, and there offers to surrender it, or cancel the acceptances, that is sufficient. INGRAHAM, P. J. dissented.

MOTION for a new trial, upon a case and exceptions, ordered to be heard in the first instance at the general term, the judgment being in the meantime suspended. The complaint alleged that in August, 1857, the plaintiff, at Havana, in the island of Cuba, consigned to the defendant Henriques, at the city of New York, a quantity of cigars of the value of $36,102.18; that said cigars arrived in the port of New York prior to the 26th day of September, and were deposited in a public storehouse, used for the purpose of storing goods prior to the payment of duties thereon, where said cigars remained on the 26th day of September, 1857. That the duties at the time remained unpaid. That on the

said 26th September said property had never been in the actual possession of the defendant Henriques. That Henriques was, on the first day of August, 1857, insolvent and unable to pay his debts, and has ever since continued to be insolvent, which fact said Henriques fraudulently concealed from the plaintiff, and represented to the plaintiff that he was solvent, prosperous and successful in his business; all which representations were false, to the knowledge of said defendant Henriques, and were made for the purpose of procuring credit from the plaintiff for the property. That Henriques, on the 26th September, while so insolvent, and after he had suspended payment, executed to the defendant Willet some written transfer of said property, but that there was no delivery of the property, and that said writing was without any consideration, and that Willet paid nothing whatever for said property. The plaintiff further alleged, that before the property was removed from the public store, and before the duties or any portion thereof had been paid, and before the property came into the possession of either of the defendants, he notified them severally that he claimed the property, and all of it, and that he would not consent to the delivery thereof to the defendants, or either of them, and that he demanded from them the said property, and the bills of lading therefor. That no portion of said property had ever been paid for by said defendants, or either of them, but that they had converted the same to their own use, and now have the proceeds thereof, and refuse to deliver said property, or the avails thereof, to the plaintiff. Wherefore the plaintiff demanded judgment against the defendants for the value of the property, viz. $36,102.18 with interest, besides costs.

The defendant Henriques put in an answer, in which he denied that the plaintiff made any consignment of cigars to him, but alleged that he purchased a bill of cigars of the plaintiff in the month of August, 1857, which amounted to the sum of $36,102.18, at Havana, and the same were shipped from there for the defendant as his property, and exclusively

at his risk and expense, and the same came to New York on or before the first day of September, 1857, together with the bill of lading, and said cigars the defendant received; and pursuant to the order and direction of the defendant, and as a matter of convenience to him, the same were by him stored in a public warehouse at the city of New York, under the warehousing system, as his property and subject to his order. That immediately upon such storing he commenced to pay duties and to withdraw them from such warehouse, and that he withdrew about $14,000 worth thereof before the 26th day of September, 1857. He denied that on the first day of August, 1857, he was unable to pay his debts, or that he has since continued to be insolvent, or that he knew or believed he was insolvent or unable to pay his debts, or that he made any representations touching his circumstances which were untrue, or for the purpose of obtaining or procuring credit from the plaintiff for said property. He also denied that he ever executed to the defendant Willet any transfer of his property, or any part thereof, but he averred that on or before the 26th day of September, 1857, certain judgments had been recovered against him in the supreme court, amounting to upwards of $50,000, and executions had been issued thereupon to the defendant Willet, as sheriff of the city and county of New York, for collection, and that said Willet levied upon all the cigars aforesaid remaining in said public warehouse, as well as all other property of the defendant, by virtue of such execution, and afterwards sold the same as such sheriff by virtue of and under such execution. He also denied that the plaintiff ever attempted to claim such property, or that he ever attempted to stop the same in *transitu*, or that he ever demanded the bill of lading covering the same. And he denied that any portion of said property had ever been paid for by the defendants, or either of them, but on the contrary thereof, he averred that payments had been made by him on account thereof. He also denied that the defendants had converted the cigars or any part thereof to their

Franchieris *v.* Henriques.

own use, or that either of them had the proceeds thereof, or that they had had the proceeds thereof since the commencement of this action, or any part thereof, but he averred that when the defendant Willet sold said cigars the proceeds of such sale were applied by him according to law, upon and in satisfaction of such execution; and he denied that the defendants had ever refused to deliver to the plaintiffs the said cigars, or the avails thereof.

The defendant Willet justified the taking of the goods, as sheriff of the city and county of New York, under and by virtue of sundry executions issued upon judgments recovered against Henriques; the cigars being the property of Henriques, at the time they were levied on and sold. On the trial the consignment of the cigars to the defendant Henriques, by the plaintiff, was proved. Also that bills of exchange were drawn by the plaintiff, upon Henriques, for the amount of the invoice, which were accepted by Henriques, and were subsequently negotiated by the plaintiff, and the same were not in his possession at the commencement of the suit. Evidence was given by the plaintiff tending to show fraud on the part of Henriques, in obtaining the goods, and fraudulent representations made by him, as to his condition and circumstances. The plaintiff produced in court the bills of exchange drawn by him upon Henriques, and offered to erase the acceptance of Henriques on each draft. At the close of the testimony the judge ordered the complaint to be dismissed, on the ground that the drafts of the plaintiff on Henriques were outstanding at the time of the commencement of this action; and that the non-surrender thereof before suit brought was a bar to the maintenance of the action.

*Beebe, Dean & Donohue,* for the plaintiff.

*Callaghan & Miller,* for the defendant Henriques.

*Brown, Hall & Vanderpoel,* for the defendant Willet.

LEONARD, J. When it is conceded, as it must be on authority, that no tender or offer to surrender the promissory notes or other negotiable paper is necessary before the commencement of an action to recover the possession of goods fraudulently purchased, where the vendee only is liable thereon, and that the production of the paper at the trial and there offering to surrender or cancel it is sufficient, it is difficult to find any sound reason in principle for holding that there is a necessity that the vendor should have had the possession of the paper, or the power to surrender it at the time the action was commenced.

The paper was worthless. The courts have arrived at the conclusion that a tender of such notes before action is not necessary, and that the production and surrender at the trial is sufficient to prevent any damage from resulting to the vendee.

If the surrender at the trial is a sufficient protection where the vendor had the notes continuously from the time the vendee delivered them, it is equally sufficient, although at some period before the trial they were out of his possession.

The negotiation of the paper can make no difference. The technical rule requiring a tender* previous to the action is abrogated.

The principal question is, whether the vendee obtained the goods by fraud. He is a robber if he did, preying upon the honest trader, and not entitled to the benefit of any technical rules rendering it unnecessarily difficult to commence or maintain an action for the recovery of property which he has so fraudulently obtained.

The vendee will prevail, even where he has purchased fraudulently, if his notes be not surrendered at the trial. This rule will shield him from injustice, and that seems to me sufficient.

The ground upon which the judge placed his decision, in the rule entered upon the trial, renders the examination of other questions in the case unnecessary.

There should be a new trial, with costs to abide the event.

Fraschieris *v.* Henriques.

CLERKE, J. concurred.

INGRAHAM, P. J. (dissenting.) The question argued by the appellant's counsel in this case is, whether a vendor who has sold goods and taken the note of the purchaser in payment can rescind the sale, if at the time of rescission the note is out of his possession, so that he cannot then deliver it, or whether a delivery at the trial is sufficient.

When the contract in this case was rescinded, the vendor had discounted the notes at a bank, and he neither had nor was entitled to have possession of them. The judge at the trial nonsuited the plaintiff, upon the ground that the notes had been negotiated and were outstanding at the time the contract was rescinded, and that the surrender of them at the trial was not sufficient. It must now be considered as settled law that where the vendor has the note of the purchaser he need not tender it to the debtor when he seeks to avoid a contract for fraud, but that it is sufficient to produce it on the trial to be returned or canceled.

But where it appears by the evidence that the note is at the time of rescission out of the possession of the vendor, and in the possession of a third person, a different question arises. It was very clear, under such circumstances, that the vendor seeking to obtain back the goods sold by him, could not place the purchaser in the condition he was at the time of the sale, if he had returned the goods. He would then have returned the property to the vendor, and he would have remained liable to the bank where the note was discounted, for the amount. Such cannot be the rule of law on this question. In the absence of any proof to the contrary, the possession of the note at the giving of it, and the possession at the trial, warrants the presumption that the note during the time that has elapsed since it was given has remained in the possession of the vendor. That presumption is destroyed, however, when proof is furnished that the note has been passed for value to a third person, and is at the time outstanding. The pur-

chaser, under such circumstances, could not with safety re-
store the property and leave his notes outstanding, and the
vendor had no right, while holding the proceeds of the notes
given for the property, to demand also the property itself and
leave to the purchaser the risk of getting rid of his notes by
the redemption of them from the bank at a future time.   We
have been referred to an opinion of the learned justice before
whom this case was tried, which was delivered by him in the
general term in *Pomeroy* v. *Fellows.*   This, at first, seems
to be a contrary authority to the views expressed at the trial ;
but on examining that opinion I do not find that the same
question arose.   The evidence there was that *at some time*
the notes had been discounted, and the point was whether
proof that the drafts had once been discounted destroyed the
presumption of title which arose from possession of them at
the trial.   The court held that the possession of the paper
was stronger evidence of title at the time than could be in-
dulged from proof of a previous discount.   There does not
appear to have been any evidence as to where the drafts were
at the time of rescinding the contract.   The latter opinion
does not furnish any ground for the supposed contradictions,
as suggested by the remarks of the plaintiff's counsel.   This
question was examined by BROWN, J. in *The Matteawan Co.*
v. *Bentley,* (13 *Barb.* 641.)   He says : " These notes the
plaintiff got discounted at the bank and appropriated to its
own use the proceeds.   The notes were not the property of
the plaintiff at the time the action was commenced, but they
were then in the hands of the bank, where they remained un-
til they reached maturity," &c.   When the plaintiff demand-
ed the property, no tender was made of money received at the
time of sale, or offer to restore the notes.   The plaintiff pro-
ceeded upon the idea of a right to affirm the contract so as to
retain the money and the proceeds of the notes, and disaffirm
it so far as to receive back the value of the property.   This
could not be done.

This rule, as applicable to an action upon the original con-

Fraschieris *v.* Henriques.

tract, differs from that in which the party seeks to rescind a contract performed. In the first case the tender of the note need not be made at any time before the trial, and if produced might, in the language of these cases, be in season. But in the other class of cases the seller must be in a condition to return what he has received when he proposes to rescind. If he cannot do it, then, his attempted rescission fails. The case of *Nichols* v. *Michael* (23 *N. Y. Rep.* 264) has also been cited by the appellants. SELDEN, J. in that case says : "The negotiability of the notes in this case is of no importance so long as they have not been negotiated, nor do I think it would effect the rule if they had been, at some period, out of the hands of the plaintiff, provided the possession and exclusive interest was in them at the time of the trial." As an expression of opinion from the learned justice, this would be entitled to great weight as far as it would be applicable. It can hardly be considered as authority in a case in which he says the notes were not negotiated, and where it appears by the opinion of JAMES, J. a surrender of the notes was actually tendered, when the demand was made Nor would it be an authority in the present case, because in the case cited the evidence showed that the possession was in the plaintiff when he made the demand for a return of the property.

The judgment should be rendered on the verdict, with costs.

New trial granted.

[NEW YORK GENERAL TERM, February 3, 1862. *Ingraham, Leonard* and *Clerke,* Justices.]