THE CENTRAL BANK AT CHERRY VALLEY *vs.* H. W. & J. PINDAR.

If a party wishes to rescind a contract on account of fraud, he should do it promptly on discovering the fraud.

A party can not have the benefit of a rescision of a contract while he holds the obligation of the opposite party as the consideration of the contract, without offering to cancel it on the trial.

In an action upon a promissory note, the defendants set up as a defense that the note had been paid, by the assignment to the plaintiff of the defendants'

interest in a mortgage, and a guaranty of the payment thereof, under an arrangement that the assignment should operate as a payment. On the trial, the plaintiff alleged, in answer to the defense, that it was induced to take the mortgage by the fraudulent representations of the defendants that the mortgaged premises were free of all prior liens, except one specified, when in fact they were incumbered by another, of still larger amount, which had since been foreclosed and the lien of the mortgage assigned· thereby cut off. *Held* that the plaintiff could not take advantage of such fraud, because it had made no offer to put the defendants in *statu quo.* That before it could avail itself of the fraud to avoid the effect of the contract, by which the note was claimed to have been paid, it was incumbent on the plaintiff to tender back the guaranty, and to signify to the defendants that their interest in the mortgage was not claimed under the assignment, and was at their disposal.

MOTION for a new trial upon the minutes of the court on a verdict for the defendants. The facts sufficiently appear in the opinion.

*J. E. Dewey,* for the plaintiff.

*N. C. Moak,* for the defendants.

PARKER, J. Upon this motion for a new trial upon the minutes I am unable to see the error, in the charge, of which the plaintiff's counsel complains, so clearly as to make it proper to grant the motion. Upon .the question made, the case stands briefly thus : the plaintiff sues the defendants upon a note ; the defendants set up that the note was paid by the assignment to the plaintiff of the defendants' interest in a mortgage held by Vrooman & Gebhard, under an arrangement that it should operate as a payment ; which assignment was procured to be made by the defendants, the plaintiff paying Vrooman & Gebhard the money for their interest in the mortgage and the defendants guarantying the payment of the mortgage to the plaintiff. To this the plaintiff, on the trial, answers that it was induced to take the mortgage by fraudulent representations of the defendants that the mortgaged premises were free from all prior liens, except one specified, when in fact they were incumbered by another of

Central Bank at Cherry Valley v. Pindar.

still larger amount. Proof of the fraud was given on the trial, and it appeared that the fraud was discovered several years before this action was brought; and that subsequently the plaintiff's rights under the mortgage assigned to them were cut off by a foreclosure of the lien not disclosed to them. The plaintiff had done no act to rescind the agreement until the bringing of this suit on the note; and then only the act of bringing the suit.

The court charged the jury that the plaintiff could not take advantage of such fraud, because it had made no offer to put the defendants in *statu quo*. That before it could avail themselves of the fraud, to avoid the effect of the contract under which the note was paid by the assignment of the defendants' interest in the mortgage and their guaranty of the whole mortgage, it was incumbent upon the plaintiff to tender back at least the guaranty which it held against the defendant. I think the charge in that respect was correct, and am unable to see how the plaintiff can rescind the contract so as to be entitled to recover upon the note, while holding all the benefit which it did get from the contract, though that was less than it would have had but for the fraud. If it insists upon all it did get, it thereby affirms the contract, and can not treat the note as unpaid. While holding the guaranty against the defendants, with no offer to give it up, it is insisting upon that part of what it did get. That it has yet brought no action upon it is no answer; it should at least have offered, on the trial, to deliver it up to the defendants. None of the cases go so far as to hold that a party can have the benefit of a rescision when he holds the obligation of the opposite party as consideration of the contract, instead of offering it to be canceled on the trial. (23 *N. Y. Rep.* 264, 273. 36 *Barb.* 276. 1 *Sandf. S. C. Rep.* 560. 3 *id.* 589. 2 *id.* 421. 32 *Barb.* 171. 14 *id.* 594.) This was not done in this case, and there was no intimation of a readiness to do it. I am inclined to think the charge should have gone farther than it did, and held that it was necessary

---

for the plaintiff not only to have tendered back the guaranty, but also to have signified to the defendants that their interest in the mortgage was not claimed under the assignment, and was at their disposal. If the plaintiff wished to rescind the contract on account of the fraud, it should have done it promptly on discovering the fraud. (21 *Barb.* 84. 2 *Denio,* 138. 26 *N. Y. Rep.* 132.) The motion is therefore denied.

