## HARDY *vs.* AKERLY.

On the 28th of September, 1847, the defendant took a lease of certain premises, from the plaintiff for 12 years, covenanting to pay rent therefor. Under this lease he took or accepted possession, and repeatedly paid rent. He never relinquished this possession, never paid rent to any other landlord, never attorned to any other landlord, and was never ousted or disturbed in the possession which he held under the plaintiff. *Held* that it was no defense to an action upon the lease, for rent, that the defendant, when he took such lease from the plaintiff, was in fact holding under an old lease from G., which he delivered to the plaintiff, but upon the understanding that if it turned out that the plaintiff was not the owner of the land the old lease was to be restored and the rent money paid back; that one C. was in fact the owner, at the time the lease was given; and that the defendant then informed the plaintiff that C. claimed the land.

Hardy *v.* Akerly.

The title of C., relied on as a defense, was at most an equitable title, claimed to arise under an agreement with W. C. the plaintiff's grantor, made prior to the lease sued on, whereby C. agreed to convey to W. C. certain city property in exchange for lands in Ulster county, which C. was to select. C. did so convey, and selected this farm, among others, and W. C.'s agent executed a sort of livery of seisin to him, by plucking some tufts of grass, and stating that he delivered possession to C. *Held* that this was insufficient to defeat the plaintiff's action; C. having never in fact taken possession, nor undertaken to enforce payment of the rent; and having never had the legal title, which remained in W. C. until it was transferred by him, by deed, to the plaintiff. Under such circumstances the defendant should not be heard to dispute the title of the plaintiff.

*Held, also,* that there having been no eviction of the tenant, no paramount title shown, and no attornment to the party holding a paramount title, it might well be doubted whether the defendant could defend under a paramount title without divesting himself of the possession acquired from the plaintiff.

APPEAL from a judgment in favor of the defendant, entered upon the report of a referee.

The complaint contained two counts: 1. For rent upon a lease, under seal, by the plaintiff to the defendant, dated September 28th, 1847, of 108 acres of land in Shandaken, Ulster county, for twelve years. 2. A count for use and occupation of the same lands from September 28, 1847.

The answer set up three defenses: 1. A general denial. 2. Adverse possession by the defendant and those under whom he claims, for twenty-five years. 3. That at the time the lease was executed, the defendant, and those under whom he claimed, had been in possession of the premises fifty years, claiming under title, and that the plaintiff falsely represented that he was the owner in fee, and induced the defendant to give up his former title; and when the defendant signed the lease, gave him a written contract, that, in case he did not own the premises, he would give back to the defendant his old title, and the lease should be void; that soon after, the defendant ascertained he had been imposed upon, and demanded that his title be given up, informing the plaintiff that the heirs of

Patrick Clark claimed to own the fee of the premises, and that the defendant was the lawful and equitable owner.

The plaintiff's cause of action consisted of, 1. A full covenant deed of the premises in question, from Walter Cunningham and wife to the plaintiff, dated November 7, 1838, recorded in Ulster county clerk's office November 9, 1838. 2. Undisputed evidence that he was a *bona fide* purchaser thereof, and actually paid the consideration at the time of the transfer. 3. That on the 28th day of September, 1847, he gave to the defendant, and the defendant accepted, the lease set out in the complaint, which the defendant had assigned to one Blish, as collateral security, and that Blish had reassigned it to the defendant. 4. That in 1848, 1851, 1852 and 1853, the defendant paid the plaintiff rent on the lease. 5. That the defendant also paid the plaintiff rent on the prior lease he held at the time he took the lease from the plaintiff.

The most favorable facts the defendant could claim from the case, were, 1. A lease to him from one Garretson and wife, dated January 3, 1835, which the defendant surrendered to the plaintiff, when the latter gave him the lease of 28th September, 1847, but the defendant made no claim of title under this, except that it was assumed by both parties that Cunningham had, as was recited in papers read by both parties, the plaintiff's deed, and the defendant's contract, before he deeded to the plaintiff, obtained the title from Garretson, and the defendant's witness, De Groff, swears that Cunningham let Clark have it, " subject to the Garretson lease held by Akerly." 2. That on the 2d day of December, 1837, Cunningham (the plaintiff's grantor) made an agreement with one Patrick Clark, by which Clark was to convey to Cunningham certain property in New York, in consideration of which, Cunningham, among other things, was to pay the balance of $5400 in land on said Cunningham's Garretson tract—the land to be appraised by said De Groff, and if Clark was dissatis-

fied with the appraisal, then one Rundle to appraise it, and his decision to be final. 3. That De Groff was agent for Cunningham to lease the property for not exceeding one year, and to supervise, but not to sell or part with title, or to *designate* any or consent to the designation of any. There was a letter from Cunningham, dated March 26, 1838, to De Groff, saying, "the lands must be selected in accordance with the contract, and in no other way; and, if necessary, Major Whitney will go out to aid you." This, it was claimed, referred to the appraisal, but did not confer any power on De Groff to select, or consent to a selection. 4. That Clark performed his contract with Cunningham. 5. That De Groff and Rundle went with Clark, and Clark selected this Akerly farm, as one he would take under the agreement; and De Groff, stooping down and taking up a handful of earth, said, "I give you possession of this farm, in presence of these witnesses." No memorandum thereof was ever made in writing. 6. Cunningham, by the contract between him and Clark, was not to deed till Clark had performed the contract on his part and selected the lands, and he never, in fact, gave him any conveyance of the premises in question. 7. Before purchasing and taking the deed from Cunningham, the plaintiff knew the defendant was in possession of the premises, *but not that he was, or claimed to be, in as Clark's tenant.* That the defendant *himself*, when he took the lease from the plaintiff, told the plaintiff of Clark's title, *and that was all he then knew about Clark's claim.* That there was not a particle of evidence anywhere in the case that he ever knew or heard of Clark's claim, when he purchased in 1838, nor down to 1847, when he gave the defendant the lease. 8. That the plaintiff, when the defendant gave him the lease of September 28, 1847, on the defendant's telling him of Clark's alleged claim, told the defendant, and agreed with him in writing, that if he did not own the property, or could not *hold* it, he would give

up the lease and pay back the rent. 9. That the defendant has never been evicted by Clark, or any one claiming under him; neither has Clark, nor his heirs, ever claimed rent of the defendant; but, on the contrary, ever since he took the lease from the plaintiff, he has occupied the premises under that lease; has always claimed to own them under it; and has not claimed or owned any title since the plaintiff gave him the lease.

*N. C. Moak,* for the appellant.

*C. W. Sandford,* for the respondent.

HOGEBOOM, J.   Assuming the facts to be as found by the referee, with some modifications and additions required by the evidence, I am of opinion there should be a new trial.

On the 28th day of September, 1847, the defendant took a lease from the plaintiff for twelve years, of the premises in question, and covenanted to pay therefor the rent, for the recovery of which this action was brought, and under this lease he took or accepted possession, and repeatedly paid rent, to wit, in 1848, in 1851, in 1852 and in 1855. This possession he never relinquished, but continues to the present day; he never paid rent to any other landlord, nor was any ever demanded; he never attorned to any other landlord, and was never ousted or disturbed in the possession which he held under the plaintiff.

The defense relied upon was, that at the time the defendant took this lease of the plaintiff, he was, in fact, holding under an old lease from Freeborn Garretson, which he delivered to the plaintiff, but upon the understanding and agreement that if it turned out that the plaintiff was not the owner of the land (and as one of the witnesses says, could not hold it) the old lease was to be restored and the rent money paid back, with interest.

It is claimed that one Patrick Clark was, in fact, the owner at the time this lease was given, and that at that time the defendant informed the plaintiff that Patrick Clark claimed the land.

The title of Clark thus relied on was, at most, an equitable title, and was claimed to arise under an agreement with Walter Cunningham, (the plaintiff's grantor,) made about ten years prior to the lease in question, whereby Clark agreed to convey to Cunningham certain New York property in exchange for some lands in Ulster county, which Clark was to select. He did so convey, and Clark selected this farm, among others, and Cunningham's agent executed a sort of livery of seisin to him, by plucking some tufts of grass, and stating that he delivered to him possession. But I think this insufficient to defeat the plaintiff's action.

1. Clark never in fact took possession, or undertook to enforce payment of the rent. He never had the legal title, which remained in Cunningham till it was transferred by him, by warranty deed, to the plaintiff. I think the fair presumption is that Clark and Cunningham arranged the matter in some other way satisfactorily to themselves, leaving Cunningham this property. If this were not so, it is remarkable that Cunningham should undertake to convey by full covenant deed to the plaintiff.

2. The defendant should not be heard to dispute the title of the plaintiff. Holding under an old lease of Freeborn Garretson, (whose title, it is highly probable, Cunningham obtained—although for some inexplicable reason neither the plaintiff nor the defendant have given evidence of the original source of title beyond the existence of the old lease,) which he voluntarily surrendered to accept this new lease of the plaintiff—acquainted also with Clark's claim to the premises, and as is not improbable, with the facts in relation to it, he yet consents to take a lease from the plaintiff. Clark has no better title than he had then;

indeed, not so good; for the lapse of time since, without any practical assertion of title, militates against the probable validity of his claim. The defendant pays rent to the plaintiff and is not ousted; does not even ask to have his rent refunded; has not attorned to any other landlord, nor been requested to do so. I think there is some ground for the suspicion that the defendant and Clark are colluding together to defeat the plaintiff.

3. There has been no eviction of the tenant; no title paramount is shown; no attornment to the party holding such paramount title; and it may well be doubted whether the defendant can defend under a paramount title without divesting himself of the possession acquired from the plaintiff. (*Whalin* v. *White,* 25 *N. Y. Rep.* 465. 2 *Wend.* 507. 3 *Denio,* 214. 4 *Comst.* 270. 46 *Barb.* 467. 5 *Duer,* 447.)

I think the conclusion at which the referee arrived was erroneous; that the judgment should be reversed, and a new trial granted, with costs to abide the event.

MILLER, J. concurred.

PECKHAM, J., dissented.

New trial granted.

[ALBANY GENERAL TERM, March 4, 1867. *Peckham, Miller* and *Hogeboom,* Justices.]