## PATRICK H. CONLAN AND JOHN CONLAN v. WILLIAM ROEMER.

1. Statement of mere matters of opinion or judgment, although false, does not constitute actionable fraud in the absence of relations of trust and confidence.
2. The false statement of a fact constitutes actionable fraud, hence, if a vendor says to a purchaser that the price he asks is the same price that A and B, who are in a like business, are selling at, he states a fact, and if he knowingly misrepresents, he is guilty of fraud.
3. If a person is dealing with an expert in regard to a matter of which experts only have knowledge, the expert cannot knowingly make a misstatement without incurring legal liability. The opinion of the expert in such case is a fact.
4. Where the right to rescind a contract springs from subsequently discovered fraud, the defrauded party does not lose his right to rescind because the contract has been partly executed, and the parties cannot be fully restored to their former condition. But he must rescind as soon as circumstances permit, and must not go on with the contract after the discovery of the fraud, so as to increase the injury to the fraudulent party by the rescission.

Rule to show cause.

Argued at June Term, 1889, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and SCUDDER.

52   53
49e 395
52   53
56  313
52   53
55e 715
52   53
58e 122
58e 362

For the rule, *R. Wayne Parker.*

*Contra, Alpheus Struble.*

The opinion of the court was delivered by

VAN SYCKEL, J.   The parties to this suit entered into a contract of which the following is a copy:

> P. H. & J. CONLAN,
> ARTESIAN AND BORED WELLS, STEAM WELL
> DRILLERS AND CONTRACTORS FOR
> WATER SUPPLY.   PUMPS, PIPING, &C.,
> FURNISHED.   216 MARKET ST.
> NEWARK, N. J., January, 13th, 1888.

*William Roemer, Esq.:*

The undersigned agrees and proposes to furnish all the tools and labor, and drill a six-inch well on your premises, 269 Broome street, on following terms: We to sink best artesian well-pipe to rock, and then drill into same, until a plentiful supply of water is obtained; the price to be three dollars and fifty cents per foot; money to be paid when well is completed, or thirty days after finishing well; we to be supplied with steam to run our engine; to do all work in a good and workmanlike manner; we to commence within three days after acceptance; we agree to go to get a continuous supply, and warrant the same for the term of one year.   It is also agreed that we shall stop at any depth when deeper than. twenty-five feet, but in such case do not guarantee the quantity of water; we to be paid $1^{10}/_{100}$ per foot for six-inch pipe,. or not more than $17.50 in all.

> P. H. & J. CONLAN.

Accepted—WM. ROEMER.

Under this contract the plaintiffs drilled the well to the depth of twenty-five feet without obtaining water.   The defendant did not then or afterwards notify them to stop the work, and consequently they continued to drill with the

knowledge of the defendant until they obtained the requisite supply of water at the depth of two hundred and seventy-six feet.

Upon the completion of the work, the defendant refused to pay the contract price, and thereupon this suit was brought to recover it.

On the trial of the cause the defendant offered to prove that he was induced to enter into the said contract by the following representations made to him by the plaintiffs, and which at the time of making them the plaintiffs knew to be false:

*First.* That the price named for the work was the usual price for such work, and the same price for which they had done like work for others, whom they named.

*Second.* That the depth to which they would be required to go to furnish the necessary supply of water would not probably exceed twenty-five feet.

The defendant also offered to show that the plaintiffs knew, from their experience in putting down wells in that locality, that water could not be reached at a less depth than two hundred and twenty feet.

This testimony was overruled and a verdict rendered for the plaintiffs for the amount claimed under the written contract.

Assertions must be considered in the light of the subject matter in respect to which they are made. The general doctrine is, that a misrepresentation unconnected with any misrepresentation of kind, quality or quantity, by the vendor, though false, affords no cause of action. Every person reposes at his peril in the opinion of others when he has equal opportunity to form his own judgment. Mere expressions of matters of opinion, however strongly or positively made, though they are false, do not constitute actionable fraud.

Statements of mere matters of opinion or judgment, although known to be false, do not constitute fraud in the absence of relations of trust and confidence. *Wise* v. *Fuller*, 2 *Stew. Eq.* 257.

It is not fraud to aver strongly that the purchaser will

make a good and profitable purchase by accepting the vendor's offer.

It may be otherwise if in connection with the expression of opinion there were false assertions of fact calculated, if true, to give a basis for the opinion. *McAleer* v. *Horsey*, 35 *Md.* 439.

Mr. Justice Miller, in *Chrysler* v. *Canaday*, 90 *N. Y.* 272, says: " That a mere assertion by a vendor as to the value of the property offered by him for sale, although untrue and known by him to be so, will not render him responsible to the vendee in damages. There must have been a want of knowledge on the part of the latter, and a purchase by him in entire reliance upon the representations made, or there must have been some artifice employed to prevent inquiry or the obtaining of knowledge by him."

Chief Justice Shaw, in *Page* v. *Bent*, 2 *Metc.* 371, 374, draws the distinction clearly, as follows :

" The principle is well settled that if a person makes a representation of a fact, as of his own knowledge, in relation to a subject matter susceptible of knowledge, and such representation is not true; if the party to whom it is made relies and acts upon it, as true, and sustains damage by it, it is a fraud and deceit, for which the party making it is responsible. But in a matter of opinion, judgment and estimate, if one states a thing as of his own knowledge, if he in fact believes it, and it is not intended to deceive, it is not a fraud, although the matter thus stated is not in fact true. The reason is, that it is apparent from the subject matter that what is thus stated as knowledge must be considered and understood by the party to whom it is addressed, as an expression of strong belief only, because it is a subject of which knowledge, in its strict sense, cannot be had."

The statement by a vendor that the income from a property is greater than it in fact is, is a fraud for which an action will lie. *Wise* v. *Fuller*, 2 *Stew. Eq.* 257 ; *Dimmock* v. *Hallett*, *L. R.*, 2 *Ch. App.* 21.

So, while representations as to probable sales, or value or

productiveness are not actionable, a representation as to the income that had been derived from the royalty on a patent, or the income of a business, or a mill, or the yield of a mine, is the assertion of a fact, for which, if false, the person making it must respond in damages.  *Crossland* v. *Hall,* 6 *Stew. Eq.* 111.

In *Kost* v. *Bender,* 25 *Mich.* 515, Mr. Justice Cooley held that a person who, during the negotiation for sale, professed to have some peculiar scientific knowledge as to the probability of lands proving valuable for the production of oil, rendered himself liable to damages if he made fraudulent representations in that respect.

In *Allen* v. *Hart,* 72 *Ill.* 104, the action for fraud was maintained where the vendor had peculiar means of knowledge which the vendee did not possess.

In *Peffley* v. *Noland,* 80 *Ind.* 164, the vendor in the sale of a patent right stated that he had a contract with certain persons to make the patented article at a certain price.  This statement was false.  The Indiana court ruled that the representation was of an existing fact, and not mere opinion, and therefore was actionable.

For a reference to the numerous cases on this subject, see *Cooley Torts* 565, 566, 567 ; *Cowley* v. *Smyth,* 17 *Vroom* 380 ; *Crosland* v. *Hall,* 6 *Stew. Eq.* 111.

The principle to be extracted from the cases is, that the false statement of a fact constitutes actionable fraud.

The distinction is to be sharply drawn between the expression of an opinion as to a subject of which knowledge, in its strict sense, cannot be had, and the statement of a fact, false within the knowledge of the party who makes it.

If the vendor says "the price is very low and as reasonable as he can afford to take," it is mere commendation of his goods, or, as some of the cases say, " dealers' talk," and the rule *caveat emptor* applies.  But if the vendor says, " that is the customary price, the price he charges others, and that A and B and C, who are in the same business, are selling at that

price," he states a fact, and if he knowingly misrepresents, he is guilty of a fraud which is actionable.

The assertion of the plaintiffs with respect to the price of the work sued for in this case was likewise the statement of a fact upon which the defendant had a right to rely, and not a mere opinion.

So, if the plaintiffs, who were experts in their business, stated that water would probably be reached at the depth of twenty-five feet, when, in truth, their opinion, founded upon actual previous experience, was, that it would be necessary to drill to the depth of more than two hundred feet, they asserted as a fact what they knew to be false.

The opinion of an expert in such case is a fact, which he cannot knowingly misstate without incurring legal liability. *Picard* v. *McCormick*, 11 *Mich.* 68; *Kost* v. *Bender*, 25 *Id.* 515; *Stewart* v. *Stearn*, 63 *N. H.* 99; *Wise* v. *Fuller*, 2 *Stew. Eq.* 257.

My conclusion is, that the evidence offered by the defendant was not competent for the purpose of varying or altering the written contract. That cannot be changed or modified by parol. Such evidence is admissible to show that the party was induced by fraud to execute it, and that therefore the right of rescission existed.

It is a general rule that a party defrauded in a bargain may, on discovering the fraud, either rescind the contract and demand back what has been received under it, or he may affirm the bargain and sue for and recover damages for the fraud.

If he elects the former course, he must not sleep upon his rights, but must move promptly. *Central Bank* v. *Pindar*, 46 *Barb.* 467; *Hunt* v. *Silk*, 5 *East* 249.

And the party seeking to rescind must put the opposite party *in statu quo* so far as he is able to do it. *Byard* v. *Holmes*, 4 *Vroom* 119.

Where the right to rescind springs from subsequently discovered fraud, the defrauded party does not lose his right to rescind because the contract has been partly executed, and the parties cannot be fully restored to their former position. But

he must rescind as soon as circumstances permit, and must not go on with the contract after the discovery of the fraud, so as to increase the injury necessarily caused to the fraudulent party by the rescission. *Masson* v. *Bovet,* 1 *Denio* 69 ; *Selway* v. *Fogg,* 5 *Mees. & W.* 83 ; 2 *Pars. Cont.* 781 and cases cited.

It does not appear in this case when the defendant discovered that the plaintiffs knew that their representation as to depth of the well was false. The defendant knew that the plaintiffs had failed to find water at the depth of twenty-five feet, and he had by the terms of the written contract a right to stop the work at that time. If he had done so, the fraud of the plaintiffs would have furnished a substantial defence to a suit for the price of the work performed up to that time. He did not elect to arrest the work by the exercise of his option to do so. The drilling was prosecuted with his knowledge and without objection on his part until the requisite water supply was obtained. It must therefore be presumed that the defendant was willing to incur the expense necessary to procure water at the depth at which it was reached. There was not a contract on the part of plaintiffs that water would be found at the depth of twenty-five feet, but simply a fraudulent statement, which induced the defendant to enter into the written contract. There may be cases where the defrauded party does not waive his right to damages by permitting the contract to be fully executed after he discovers the fraud ; but in this case it does not appear how other than nominal damages could have resulted to the defendant from the false statement in regard to the depth of the well.

The case shows that the fraudulent character of the statement with respect to the price of the work did not become known to the defendant until the work was fully completed. If the defendant could have succeeded in establishing the defence he offered to interpose in this respect, he had a right to rescind the contract as to price, and leave the plaintiffs to recover upon the *quantum meruit.*

In my judgment, the rule to show cause should be made absolute.