THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, PLAINTIFFS IN ERROR, v. CHARLES H. SHELTON, DEFENDANT IN ERROR.

1. A trial court cannot direct a verdict when any facts the parties have been permitted to introduce in evidence, material to the verdict, in favor of one party or the other, are in dispute.
2. Where a railway company, at a crossing of a public highway or street, creates, by the construction or maintenance of its tracks, buildings or other erections, a situation of unusual peril and risk to those having legal occasion to cross the track at such crossing, it is bound to avert such peril and risk by the employment of every reasonable precaution beyond the ordinary cautionary signals, and such precautions may extend to the erection of gates at such crossing and to keeping them closed while trains are passing.

---

On error to the Supreme Court.

This case was tried before Justice Depue and a jury, at the September Term, 1892, of the Essex Circuit.

The horse and buggy of the plaintiff was in charge of his

driver, and was injured by being run over by the locomotive of the railroad company at the Grove street crossing, in Montclair. This suit was brought for damages thus occasioned. A verdict having been rendered for the plaintiff and judgment entered thereon, a writ of error was brought to this court.

For the plaintiffs in error, *Flavel McGee.*

For the defendant in error, *Edward M. Colie.*

The opinion of the court was delivered by

LIPPINCOTT, J. On the night of January 8th, 1891, shortly after ten o'clock, a collision occurred between a locomotive of the Delaware, Lackawanna and Western Railroad Company and a horse and buggy belonging to and driven by a servant or driver of the plaintiff, at the Grove street crossing, in Montclair. The plaintiff is a physician in Montclair, and, after leaving him at his residence, his driver was taking the horse and buggy to the stables, and, in crossing the railroad track of the defendant, this accident occurred.

At the conclusion of the evidence on the part of the plaintiff, counsel for defendant moved for a non-suit, on the grounds that no negligence by the defendant occasioning the injury had been shown, and that the injury was attributable to the negligence of the driver of the plaintiff.

This motion was refused, and the exception to this ruling constitutes the first objection to the judgment.

It is not practicable to state the evidence here, but, from an examination of it, there would appear to be sufficient for fair debate as to conclusions in relation to both these questions, and this was the view taken by the judge in refusing this motion.

It was shown, as the driver approached this crossing, no whistle of any approaching locomotive was heard, no bell or other signal was heard, and the gates on both sides were open. It was shown that a flagman was stationed there to lower the

gates as trains passed by; that the flagman was not there on the night in question. It appeared that the duties of the flagman ceased at a quarter past nine o'clock, and that after that hour the gates were always left open. After that hour no flagman was stationed there. It also appeared that, on the street along which the driver came, the view of the track was more or less obstructed by buildings; that, close along the side track, a fence had been constructed by the railroad company, some four or five feet high at the street, running back to a height of about nine feet about fifty feet from the crossing, and that, on the night when the accident occurred, there was a car standing on the side track, west of that upon which the locomotive approached the crossing, which, to some extent, prevented a view of the track. After the accident and before the trial, the driver went away and could not be obtained for the trial, but it appears from the evidence that, at some distance away from the crossing, he slowed the horse down to a walk; that no bell, whistle or other signal of an approaching train was heard; that it was not probable that an approaching train could be seen from the point of view along which the driver approached; that the gates were up; that the driver slowly approached the track, went on it and was caught there by the locomotive, which suddenly came upon him without any signal. Now, these appear to be the main facts, with the attending circumstances of the collision. The judge concluded that the evidence presented questions for the determination of the jury, and I think the facts in proof sustain his conclusion.

The rule which must govern in this class of cases is well stated in *Pennsylvania R. R. Co.* v. *Matthews*, 7 *Vroom* 531, which was a decision of this court. It was held in that case that "It is sufficient for all useful purposes to say that when the evidence on the subject is open to fair debate, and leaves the mind in a state of some doubt on this question, whether the driver of the horses which were destroyed exercised, or not, that degree of care which his legal duty exacted. This being the case, the judge would not have been justified in taking

this question from the jury. Such a course is proper only when the absence of caution is apparent and is, in reason, indisputable." *Pennsylvania R. R. Co.* v. *Righter,* 13 *Vroom* 180.

And the same rule applies to the question whether there existed actionable negligence on the part of the defendant. *Bonnell* v. *Delaware, Lackawanna and Western R. R. Co.,* 10 *Vroom* 189. And where two inferences can be reasonably drawn from the evidence upon questions of negligence, a case is presented which calls for the opinion of a jury. *Bahr* v. *Lombard Ayres Co.,* 24 *Vroom* 233 ; *Baldwin* v. *Shannon,* 14 *Id.* 596.

This exception is not sustained.

At the close of the evidence, the judge was requested by the defendant to direct the jury to return a verdict for the defendant, on the same grounds upon which the motion to non-suit was made.

Now if, upon the whole case, there is evidence which in any way tends to establish the plaintiff's cause of action or the defence, it is erroneous for the court to direct a verdict, and it is only when the facts proved clearly fail either to establish a cause of action or a sufficient defence, that the court can properly direct the jury as to their verdict. I think all the authorities concur in the principle that the court cannot direct a verdict when any fact the parties have been permitted to introduce, material to the verdict, one way or the other, is in dispute. The direction can be given only when a question of law remains, and it has been held in this court to be error for a judge to direct a verdict where the evidence is such that a contrary verdict would not be set aside, on the ground that there was not enough evidence to sustain it, or that it was clearly against the weight of evidence. *Hartman* v. *Alden,* 5 *Vroom* 518 ; *Montclair* v. *Dana,* 107 *U. S.* 436 ; *American Dock Improvement Co.* v. *Trustees,* 12 *Stew. Eq.* 409, 449 ; *Thomp. Tr.,* §§ 2242–2250 and cases cited.

While the case of the plaintiff is much controverted by the evidence of the defendant, yet an examination of it shows that it is not of that conclusive character to require the judge,

in the exercise of a sound legal discretion, to direct a verdict for the defendant. It may be a debatable question whether the evidence in this case, on the part of the defendant, taken as a whole, does not strengthen the contention of the plaintiff.

No error is found in the refusal of the court to direct a verdict for the defendant.

The judge, in his charge to the jury, after referring to the testimony of some of the plaintiff's witnesses, in which it was alleged that there was a side track, at the time of the accident, next the board fence on the upper side of the track, and that the view of the track, by the plaintiff, was obstructed by the fence and also by the passenger car or cars lying close to the line of Grove street, and that the siding extended between sixty-seven and seventy-five feet from the line of the street, beyond which point the fence was nine feet above the level of the street, and to the controversy between witnesses as to what changes had been made, and when made, and as to the question whether the car was an obstruction to the view, and if so, to what extent and then speaking of the care and caution necessary to be exercised by the driver in approaching and crossing this track, said:

" The question to which I have referred is one of considerable importance, but not decisive. The view of this passenger track may not have been obstructed by the presence of the passenger car there, and yet the train may not have approached this crossing with proper signals or at a proper rate of speed, under the circumstances, the proof being, that at the time in question, they had gates at that crossing, and that those gates were the open indication that the passage over the track was safe."

To this excerpt from the charge of the judge exception is taken and error assigned, on the ground that it was a charge to the jury that the fact that the gates in question being open, was an *assurance* to the driver that the passage was safe. It is easily perceived that this contention has no basis. It is a statement, merely, of the judge of an admitted fact that the gates were open, and that the jury could take that fact into

consideration in determining whether plaintiff was chargeable with contributory negligence or the want of proper care and caution in approaching and passing over the track.

It may be a fair question, in this case, whether the track of the defendant was not by them placed or kept in a condition where the trains, when close to this transit over the public street or road, could not be seen, and this condition of affairs, in *Pennsylvania R. R. Co.* v. *Matthews,* 7 *Vroom* 531, was referred to as an extra danger, which called for more than the ordinary cautionary signals, and, reasoning upon the general principle established in that case, it can be readily concluded that there might exist, by the acts of the defendant, such unusual and extraordinary dangers as to render it incumbent upon them to maintain gates and cause them to be closed at all times during the passage of trains, if for no other reason than upon the grounds of public policy, requiring them to use the greatest care for the safety of their own passengers, as well as to use the care which the law requires, towards those who are legally entitled to use such unusually dangerous crossings.

The doctrine established in Pennsylvania R. R. Co. *v.* Matthews, above cited, certainly leads thus far. It was there held, as a general rule, that a railroad company is not bound to keep a flagman at a point where its roads intersect public highways, but this obligation may become due by reason of such company constructing its roads so as to make the crossing or use of such highways unnecessarily dangerous.

The judge, upon this question of care and caution requisite on the part of the plaintiff, immediately following the extract to which reference is above made, says: "On that subject, on the branch of the case I am now considering, the law is this : That the presence of gates, and the fact that a gate is open does not absolve a party from the necessity of using care in approaching a railroad track. It is a circumstance that is pertinent." And, in another portion of his charge, the judge said : "If, in other words, you find from the evidence that the company was in fault, then does the evidence satisfy your

minds that.although the company was in fault, the driver of the wagon could have avoided this accident if he had taken the care that a prudent man, crossing a railroad track at night at a point of danger, would have taken to avoid injury? Though you find the first proposition in favor of the plaintiff, yet, if the second be found in favor of the defendant, your verdict should be for the defendant on the ground of contributory negligence."

The charge upon this subject stated the well-known rules of law, and there was no indication, reference or intimation that the jury should take the fact that the gates were open as an assurance to the plaintiff that the passage was safe, or as decisive of the action of the jury as to the care required of the plaintiff, and reading these parts of the charge together it will appear that it was clearly presented to the jury that the force, weight and effect of the fact of the open gates were left entirely to their judgment; they were only instructed that it was a fact for them to consider.

The charge of the court upon any given subject should be construed as a whole. Thus, where a portion of it is complained of, which, standing alone, might bear a construction that might mislead a jury, the objection will not be sustained if, when considered with the rest of the charge, the jury could not put such a construction upon it or be misled by it. *Grand Rapids, &c., Co.* v. *Cameron,* 45 *Mich.* 451; *Walker* v. *Collier,* 37 *Ill.* 362; *Hamilton* v. *State Bank,* 22 *Iowa* 306.

This exception to the charge is not well.taken.

The proof in the case is, that the horse of the plaintiff was badly injured by the accident, and he claimed, as an element of damages, the cost and expense of medicine.and treatment bestowed. upon the horse. To the admission of evidence showing the amount of expense thus incurred the defendant objected. In the brief of counsel the question of the legality of the admission of this evidence is not argued, save that it is claimed the damages were excessive.

The evidence shows that the plaintiff expended the sum of $74.40 in medical treatment, medicines and care of the horse

whilst suffering with the injuries.   It appears that the horse did not die but became and was so disabled, finally, as to be of little use, and was sold for the sum of $40 as the best price which could be obtained for him.

I think the evidence showing the amount of the expenses of the care, treatment and medicines was competent for the consideration of the jury.   It was an expenditure the plaintiff was bound to make, being an ordinary precaution, to avoid the consequences of the injury.   Had he neglected it and the horse died in consequence he might not have been able to recover.   That his efforts were only partially successful cannot, upon any principle, affect his right to have this matter considered by the jury.   *Sedg. Dam.*, § 214.

It is claimed that the damages are excessive.   It is sufficient to say, upon the evidence, that the finding of the jury as to damages appears to be based upon the application of the principles given to them by the judge, that their damages must be based upon the money value only of the injury done to the horse, wagon and harness.

The judgment of the Supreme Court is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, ABBETT, DIXON, GARRISON, LIPPINCOTT, MAGIE, REED, VAN SYCKEL, BOGERT, BROWN, CLEMENT, SMITH.   13.

*For reversal*—None.