LOUIS A. HAINES, PLAINTIFF IN ERROR, v. THE MERRILL TRUST COMPANY, DEFENDANT IN ERROR.

1. Fraud at the inception of the notes in suit would have justified the defendant below in rescinding the notes as against the payee therein. There was sufficient evidence thereof to go to the jury, and when such fraud was proven to the satisfaction of the jury, it was necessary for the plaintiff to prove, in order to recover, that he took these notes before maturity, *bona fide* and for value.

2. That under the rules as to peremptory instruction by a judge to a jury to find a particular verdict, as laid down in 26 *Vroom* 345 and 23 *Vroom* 218, the trial judge erred in directing a verdict for plaintiff in this case, and there should, therefore, be a new trial, and the question should be left to the jury to find whether these notes were taken by the plaintiff before maturity, *bona fide* and for value.

On error to the Supreme Court.

For the plaintiff in error, *David J. Pancoast.*

For the defendant in error, *Allen B. Endicott.*

The opinion of the court was delivered by

ABBETT, J.    This action was tried at the Circuit, and the court directed the jury to find for the plaintiff for the full

amount claimed. The question to be determined is whether the judge erred in taking the case away from the jury.

The Merrill Trust Company brought suit upon two promissory notes made by Louis A. Haines to the order of Ezra F. Merrill. The defence interposed was that the notes were procured by false and fraudulent representations on the part of Ezra F. Merrill, the payee. The trust company claimed that it was a *bona fide* holder of these notes for value before maturity. The court directed a verdict for the plaintiff apparently upon the ground that the fraud of Ezra F. Merrill was no defence as against the plaintiff. The question to be determined in this case is raised by the following assignment of error: " That the Circuit judge at the trial overruled the defendant's defence and directed the jury to find for the plaintiff company $4,670.53, as the amount of the notes in suit, with interest."

The question presented in this case is, was there sufficient evidence to go to the jury—*first,* upon the alleged fraud of Ezra F. Merrill, in obtaining the notes in question? and *second,* if such fraud is proved, did the plaintiff become the owner of these notes before maturity, *bona fide* and for value ? The case as presented by the plaintiff to the trial judge seems to rest only on the second question, that of the *bona fides* of plaintiff, and the obtaining by the company of the notes for value before maturity.

That there was sufficient evidence of fraud on the part of Ezra F. Merrill in the inception of these notes to go to the jury, on the first question, is clear. If the suit had been between Ezra F. Merrill, as plaintiff, and Louis A. Haines, as defendant, and the jury had found for the defendant, no court would have disturbed that verdict upon the evidence in this case. The fraud alleged, if found by the jury, was such that the defendant would have been justified (as against Merrill) in rescinding the notes. *Conlon* v. *Roemer,* 23 *Vroom* 53. The real question in the case is whether, admitting the fraud of Ezra F. Merrill, the payee of these notes, can this fraud be charged against the plaintiff so as to invalidate these

notes in its hands? It has been held that where a defendant, who is the maker or endorser of negotiable paper, proves that it was obtained from him by fraud, or that it was fraudulently put in circulation, the plaintiff must prove, in order to recover, that he bought it before maturity, *bona fide* and for value. *Duncan, Sherman & Co.* v. *Gilbert*, 5 *Dutcher* 524. Fraud in the inception of the instrument having been established, the burden is laid upon the plaintiff, subject to the rules laid down in National Bank of the Republic *v.* Young and in Fifth Ward Savings Bank *v.* First National Bank, hereafter stated, to build up a title in himself better than that of the original party. He can recover only in virtue of the merits of his own title, arising from the consideration he has paid and the circumstances under which it came into his hands. *Knapp* v. *Hoboken*, 10 *Vroom* 396, 397. Mere notice of facts, such as would have put a prudent person on inquiry, is not sufficient to impeach the title of the holder of negotiable *paper taken for value before maturity,* and his right to recover can be defeated only by proof of such circumstances as show that he took the paper with knowledge of some infirmity in it, or with such suspicion with regard to its validity, as that his conduct in taking it was fraudulent. *National Bank of the Republic* v. *Young*, 14 *Stew. Eq.* 531. Where *mala fides* is the point of inquiry, suspicious circumstances must be of a substantial character, or the court may arrest the inquiry. *Fifth Ward Savings Bank* v. *First National Bank*, 19 *Vroom* 513.

. The trial judge took this case away from the jury and directed a verdict for the plaintiff. This direction is error, " where the evidence is such that a contrary verdict would not be set aside, on the ground that there was not enough evidence to sustain it, or that it was clearly against the weight of evidence." *Delaware, Lackawanna and Western Railroad Co.* v. *Shelton*, 26 *Vroom* 342, 345. The rule is also stated as follows: "It is well settled that a jury should be controlled in its verdict by a peremptory instruction only where the testimony is of such a conclusive character as would compel

the court, in the exercise of a sound legal discretion, to set aside a verdict if one were returned in opposition to such testimony; or, to put it more forcibly and more accurately, if the evidence be such that the court would set aside any number of verdicts rendered against it, the jury may be controlled." *Crue* v. *Caldwell*, 23 *Id.* 215, 218.

The defendant having shown fraud in the inception of the notes sued on sufficient to go to the jury, did the plaintiff prove by uncontradicted and unimpeachable evidence that the Merrill Trust Company obtained these notes before maturity, *bona fide* and for value? This proof on plaintiff's part rests upon the testimony of Ralph F. Alvord. It will be sufficient to dispose of this case to say that his testimony is unsatisfactory, and that a verdict which disregarded it, under the suspicious circumstances of this case, would not be set aside as against the weight of evidence.

The evidence in this case shows that the first note was dated Atlantic City, September 6th, 1889, and was for $3,600, drawn to the order of E. F. Merrill, payable at the Atlantic City National Bank twelve months after date. It was endorsed " E. F. Merrill " and also " Pay to the order of the Atlantic City National Bank for collection. Merrill & Alvord." The protest of the note shows that it was in the hands of the Atlantic City bank at maturity and that it was protested for non-payment, at the request of said bank, September 9th, 1890. The second note, for $333.33, was dated Cleveland, Ohio, January 9th, 1890, drawn to the order of E. F. Merrill, payable eight months after date, with interest. It was endorsed " Pay to the order of A. E. Alvord. E. F. Merrill." And also " Pay to the order of the Atlantic City National Bank for collection. A. E. Alvord." The protest of this note also shows that it was in the hands of said bank at maturity and that it was protested for non-payment, at the request of said bank, September 12th, 1890.

The $3,600 note was given by the defendant to E. F. Merrill for the purchase of three shares of the stock of the Haverhill Roller Toboggan Company, owned by Merrill and

of the par value of $300. The $333.33 note was given for the purchase by the defendant of Merrill of stock of the Philadelphia Roller Toboggan Company. There is evidence sufficient to go to the jury that all this stock in both companies was worthless when sold and that false representations were made to the defendant to induce him to purchase. Ralph F. Alvord testifies that these notes were taken by the firm of Merrill & Alvord, the eastern agents of the Merrill Trust Company, and that they discounted these notes and applied the proceeds on Mr. Merrill's stock, which at that time was not fully paid for, and he says they were discounted August 17th, 1890. There is nothing to show these notes were discounted for plaintiff except the uncorroborated testimony of Ralph E. Alvord, who was one of the firm of Merrill & Alvord, which firm was the eastern managers of the Ness County Bank and eastern agents of the Merrill Trust Company, two Kansas corporations. The endorsements on the notes show that the Atlantic City National Bank only held them for collection and had not discounted them. It would appear from the endorsements on the notes that the $3,600 note had been deposited for collection by Merrill & Alvord and the $333.33 note deposited for collection by Alfred E. Alvord. The firm of Merrill & Alvord was composed of Nathan C. Merrill, Alfred E. Alvord and Ralph F. Alvord. This Nathan C. Merrill, a son of Ezra F. Merrill, the payee of the note, was also the president of the Ness County Bank and the president of the Merrill Trust Company. Alfred E. Alvord, a brother of Ralph F. Alvord, was second vice president of the Ness County Bank and vice president of the Merrill Trust Company. Ralph F. Alvord, the other member of said firm and the principal witness for plaintiff, was, through his firm, one of the managers of the Ness County Bank. Ezra F. Merrill was also a stockholder in the Ness County Bank and a director in the Merrill Trust Company. The firm, the bank and the trust company seem to have been controlled by the Merrills and Alvords, as the evidence does not show anyone else to have had any control

thereof. Under these circumstances, when the $3,600 note became due and the Atlantic City bank did not collect it and returned it to the firm of Merrill & Alvord, that firm brought suit upon it and claimed that said note belonged to said firm. When the $333.33 note became due, that note was returned after maturity to Alfred E. Alvord by the Atlantic City bank. He brought suit upon it in his own name, claiming to be the owner thereof. These parties, after their depositions had been taken in suits in the Circuit Court thereon, apparently discovered that there was fraud charged, and that if the notes remained in their hands, that they might be charged with notice of Ezra F. Merrill's fraud, so as to invalidate the notes in their hands, and possibly for that reason, and not for the reason stated by Ralph F. Alvord, they discontinued the two suits in the Circuit Court of Atlantic county and brought suit on both notes in the Supreme Court in the name of the Merrill Trust Company, one of their corporations, alleging that Ezra F. Merrill was indebted for stock he had in that company; and they claimed that said firm, as agents of said trust company, had used these notes or the proceeds thereof, as discounted by them, to pay for installments due on said stock. Two members of this firm were then respectively president and vice president of the Merrill Trust Company. They also claimed, notwithstanding what had been alleged in said two suits, that this plaintiff corporation was a *bona fide* holder of said notes for value before maturity. This same Alfred E. Alvord had, however, as second vice president of the Ness County Bank, notified Haines, before the maturity of the $3,600 note, that the Ness County Bank held said note and directed him to remit the money therefor to the said bank through the Atlantic City National Bank. The letter of Ezra F. Merrill to Alfred E. Alvord is also significant as bearing on the smaller note, and the *bona fides* of plaintiff's claim as a holder thereof before maturity, for value.

These facts and the other evidence in the case would have sustained the verdict of a jury if it had held that the plaintiff

had failed to prove that the trust company had obtained these two notes before maturity, *bona fide* and for value.

The case should have gone to the jury on the whole evidence, under proper instructions from the trial judge. The Circuit judge having taken the case away from the jury, the judgment below should be reversed and a new trial ordered.

*For affirmance*—GARRISON, BOGERT.    2.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, ABBETT, DEPUE, DIXON, LIPPINCOTT, VAN SYCKEL, KRUEGER, PHELPS, SMITH.    10.