GEORGE W. THOMPSON v. FRANK KOEWING AND JESSIE E. KOEWING.

Submitted December 3, 1909—Decided March 4, 1910.

In an action for deceit it is not essential that the fraud should consist in the defendant's knowledge of the falsity of a fact represented by him to be true; if there was falsity in the defendant's affirmance of his knowledge of the truth of the fact it is enough.

On demurrer to declaration.

The plaintiff conveyed certain lands to the defendant Jessie E. Koewing, and received from her as part consideration a mortgage for $90,000. In an action for deceit with respect to this mortgage the averments of the declaration are: "The said plaintiff avers that the said defendant Frank Koewing, acting as the agent of the said Jessie E. Koewing in the making of said contract, by and with the knowledge, connivance, participation, approval and consent of the said defendant Jessie E. Koewing, for the purpose of effecting the purchase of said lands from the plaintiff, and of inducing the said plaintiff to accept said mortgage and of disposing of said mortgage to the plaintiff, then and there represented and stated to the said plaintiff that the said mortgage was a valid and valuable mortgage for the sum of ninety thousand dollars, and was fully worth ninety thousand dollars, and was a lien on premises worth at a fair market value, and which had cost, and would bring at a fair sale in the market, the sum of one hundred and twenty thousand dollars, which

statements and representations the said plaintiff relied on and believed to be true, and by reason thereof the said plaintiff was then and there induced to and did enter into the aforesaid agreement, and by reason thereof carried out and executed the terms of said agreement.

"And the said plaintiff avers that the said representations so made by the said defendants to the plaintiff, to wit, that the premises covered by said mortgage for ninety thousand dollars was worth at a fair market price, and would bring in the market, the sum of one hundred and twenty thousand dollars, were false, and then and there known to the said defendants, and each of them, to be false, and in fact and in truth, at the time of the making of said representations, the said premises covered by said mortgage for ninety thousand dollars was not worth the amount of said mortgage, and would not bring at a fair sale in the market upwards of the sum of sixty thousand dollars, and would not bring the said sum of ninety thousand dollars, the face of said mortgage.

"And the said plaintiff avers that he did not know the value of said premises covered by said mortgage at the time of the execution of said contract or at the time of the carrying out of the same, and that he relied entirely upon the said representations of the said defendants with regard thereto, and that he was deceived thereby and was thereby induced to enter into said contract and also to carry out the same.

"By reason of which said premises and said false and fraudulent deceit and representations of the said defendants, the said plaintiff has wholly lost the sum of thirty thousand dollars and has sustained damages in the whole amounting to the sum of fifty thousand dollars, for which he brings this suit."

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and VOORHEES.

For the plaintiff, *Charles H. Ivins.*

For the defendants, *McDermott & Enright.*

The opinion of the court was delivered by

GARRISON, J. The statements of the defendant that the land covered by the $90,000 mortgage was worth $120,000 at a fair market value and would bring that sum at a fair sale in the market, may be regarded as mere expressions of opinion within the case of *Conlan* v. *Roemer,* 23 *Vroom* 53; but the statement on which such expressions were based, viz., that the property had cost the sum of $120,000, was a statement of a fact as of the knowledge of the defendant, and hence was well pleaded, whether its falsity consisted in its untruth as a fact or in the untruth of the defendant's affirmance of his knowledge of its truth as a fact. *Cummings* v. *Cass, Id.* 77.

The averments that this statement was made to be acted upon by the plaintiff and that he did act upon it to his injury, in ignorance of its falsity, which was known to the defendant when he stated it to be true, constitute a good cause of action as against a demurrer. *Byard* v. *Holmes,* 5 *Vroom* 296.

The contention as to the marital duress of Jessie E. Koewing cannot be raised. Upon the case constituted by the declaration and the demurrer thereto Jessie is not the wife of the other defendant. On demurrer, facts not averred to exist are non-existent; matters of mere recital in a subjoined contract cannot take the place of substantive averments in the pleading itself. Moreover, Jessie made no representations either in or out of the presence of the other defendant; the allegation is that she was the principal and the other defendant her agent who, in her interest and with her connivance, made the false representation. The cases, therefore, of *Hildreth* v. *Camp,* 12 *Vroom* 306, and *Emmons* v. *Stevane,* 44 *Id.* 349; 48 *Id.* 570, have no application.

A rule may be entered by the plaintiff overruling the demurrer.