## FRIEDRICH WIEBKE

*v.*

## JOSEPH E. DEWYNGAERT.

[Decided July 5th, 1917.]

1. A defendant in a foreclosure suit who purchased the property foreclosed is bound by the decree, and cannot question the amount it finds to be due, but may show he is not liable for the deficiency.

2. He should have set up in his answer in detail the fraudulent representations upon which he relied in taking the mortgaged property.

3. If the only representation was the opinion or unauthorized statement of the agent as to the legal effect of a writing which defendant signed, this was not a fraudulent representation by the company.

On motion to strike out parts of answer.

*Mr. Hugo Werner,* for the motion.

*Mr. George E. Clymer, contra.*

STEVENS, V. C.

This is an application to strike out parts of an answer. The situation is this: The King-Marsac Company mortgaged to complainant and then sold the mortgaged premises to defendant who is alleged to have assumed payment of the mortgage. Complainant foreclosed. The decree adjudged $2,030 to be due on the mortgage debt. There was a sale on execution from which

$500 was realized. Complainant now sues for the deficiency. His right so to sue was adjudged on the application to strike out the bill. The defendant, who as owner was defendant in the former suit, is concluded by the decree therein, as far as the decree extends. He cannot question the amount decreed to have been due, but he is not concluded from showing that he is not liable for the deficiency.

In view of the former adjudications the so-called first defence is stricken out and also paragraphs 1, 2 and 10 of the second defence.

Paragraph 3 is ambiguous. The denial may relate to the fact of acceptance or to the written endorsement.

It is an elementary rule of pleading that if defendant answers he must answer fully. This rule has not been observed in the so-called fourth defence. The fraudulent representations relied on should have been set forth if they were other than the statement that the officers and agents of the corporation represented to the defendant that he would not be liable on his assumption unless he was the owner of the premises at the date of the maturity of the mortgage. The answer should have stated what the representations were; who made them and by what authority. If the only misrepresentation was the opinion or unauthorized statement of some agent of the company as to the legal effect of the writing which defendant signed, that was not a fraudulent representation made by the company.

Paragraphs 1 of the third defence and the fifth defence are to some extent repetitions. The second is broader than the first. If defendant relies upon two separate releases given at different times, he should have so stated. Paragraph 1 should be stricken out and the so-called fifth defence may be amplified to correspond to the fact.

I know of no authority for dividing the answer into separate defences like separate pleas at law, as defendant has done in this case. It can only lead to repetition and prolixity and is not warranted by section 49 of the Chancery act of 1915.

The objectionable paragraphs will be stricken out and the defendant given ten days in which to file a further answer.