This is a suit to rescind a life insurance policy and to restrain a pending law action on the policy brought by the beneficiary after the death of the insured. The bill is based wholly on the allegation that the insured in making application for the policy made a false representation as to a material fact, namely, a medical examination indicating that he was in bad health. The bill expressly disclaims any charge that the insured made the statement with fraudulent intent. The bill therefore on its face shows a ground for equitable relief based on equitable fraud since reliance upon a false statement innocently made would not constitute a defense at law. Prudential Insurance Co. v.Holmes, 111 N.J. Eq. 115; *Page 392 Prudential Insurance Co. v. Merritt-Chapman, Ibid. 166;Metropolitan Life Insurance Co. v. Lodzinski, 124 N.J. Eq. 357.
In the last cited case the court states (at p. 359), "It is true as has been established by a long line of decisions such rescission may be had in equity upon proof of reliance on material representations untrue in fact, without proof of conscious or intentional fraud."
A motion was made to strike the bill which was held in abeyance pending the hearing and the motion was renewed at the hearing inlimine. It is again insisted on behalf of defendant that the bill should be dismissed on the ground that it appears that complainant has adequate remedy at law. This is based on the argument that in spite of the disclaimer by complainant the fraud was intentional fraud and therefore would be a defense in the law action. While it is true that the facts adduced at the hearing, at which defendant did not introduce any evidence, if uncontradicted might and probably would show conscious and therefore legal fraud, yet in the trial of an action at law it might be shown that the misstatements of fact were not intentionally made. Complainant having come into this court on allegations setting forth a cause of action cognizable only in this court, surely cannot be deprived of the appropriate relief merely because the testimony tends to show the truth of facts which in an equity action are mere surplusage. If in fact legal fraud be established, defendant would, of course, lose the action at law. The motion to dismiss the bill will be denied. *Page 393