Donges, J.A.D., dissented. *Page 40 
The learned trial judge directed a verdict for the defendant, Standard Oil Company, and the jury returned a verdict for the other defendant, Mildred Naught. From the judgment thereon, the plaintiff appeals. The action was brought for damages sustained by plaintiff as a result of falling into a grease pit in the automobile service station of which the Oil Company was the owner and Naught was lessee and operator. The plaintiff proved, or *Page 41 
endeavored to prove, that the premises were so laid out that the pit is a danger to strangers entering the station.
First, let us consider the case against the Oil Company. There is no implied covenant by a lessor that the demised premises are suitable for the use which he is aware is intended by the lessee. The lessor is not liable to the lessee or to invitees of the lessee for injuries received by them in accidents that may be attributed to the faulty planning or construction of the premises. Clyne v. Helmes, 61 N.J.L. 358 (Sup. Ct. 1898);La Freda v. Woodward, 125 N.J.L. 489 (E. A. 1940). To this rule there is an exception where the premises are leased for a purpose which involves the admission of large numbers of people. Restatement, Torts, § 356 and § 359. For instance, a boxing arena: Johnson v. Zemel, 109 N.J.L. 197 (Sup. Ct.
1932); or a bathing pavilion: Martin v. City of Asbury Park,111 N.J.L. 364 (E. A. 1933). A gasoline station is not within the exception, even though many persons in the aggregate, though not at the same time, come there. Brittain v. AtlanticRefining Co., 126 N.J.L. 528 (E. A. 1941). Compare Webelv. Yale University (Conn.), 7 A.2d 215; 123 A.L.R. 863
and annotation at page 873. The plaintiff cites Whitlock v.Howard Clothes, 132 N.J.L. 383 (E. A. 1944), a case in which judgment was affirmed against the landlord as well as the tenant of a clothing store. The counsel who represented both appellants in that case, the lessor and the lessee, did not ask the court to apply the general rule that the lessor is not liable to the lessee's invitees. We surmise that this is why the opinion of the court is silent on the subject. Or else the court considered the case to belong in the category of Martin v. Cityof Asbury Park, rather than Brittain v. Atlantic RefiningCompany. We are satisfied that the cause presently before us is governed by Brittain v. Refining Company and that a verdict in favor of the lessor Oil Company was properly directed.
The service station was of a general design familiar to all of us — on one side, a room or office where are kept sundry articles for sale and to which customers resort; on the *Page 42 
other side, the "lube bay" or room for greasing cars. The entrance to the latter room is an opening eight feet wide by about ten feet high, through which automobiles can be easily driven. Within the room, only 15 inches from the doorway or opening, is the pit, three and one-half feet wide, four or five feet deep, and so long as a car. In the wall separating the lube bay from the sales office, is a door. Besides this door, there is the main door to the sales room in the front of the building. The plaintiff approached the service station from the left, that is, the greasing room side, and glancing across the lube bay, he noticed the side door to the sales room. Without paying any attention to what lay between him and the door, he started diagonally across the greasing room and stepped into the pit and was severely injured.
The court charged the jury: "Should you find that the pit was open to view and not concealed and that had plaintiff looked he must have seen it, then he is guilty of contributory negligence as a matter of law and you must find in favor of the defendant." Since the testimony and the photographs showed beyond dispute that the pit was open to view and that plaintiff would have seen it had he looked, the jury had no alternative but to return a verdict for defendant. Even so, we perceive no error, for we are satisfied that the plaintiff was guilty of contributory negligence and that the court might well have directed a verdict for both defendants on this ground. Adams v. Olsen,107 N.J.L. 288 (E. A. 1930); compare Teas v. Curtiss-WrightCorp., 5 N.J. Super. 274 (App. Div. 1949). The accident occurred at 11 A.M. on a bright day. The grease pit was so prominent that it is difficult to understand how plaintiff failed to notice it, even though he was keeping his eyes fixed on the door to the office. To walk into a pit as large as this one, in broad daylight, was negligence so plain that fair-minded men could not disagree about it.
Judgment affirmed.